**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 09-4944**

───────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANTHONY ANTONIO SIMS,

Defendant - Appellant.

───────────

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Martin K. Reidinger, District Judge.  (1:08-cr-00116-MR-1)

───────────

Argued: October 29, 2010        Decided: February 1, 2011

───────────

Before TRAXLER, Chief Judge, and DUNCAN and KEENAN, Circuit Judges.

───────────

Affirmed in part and dismissed in part without prejudice by unpublished opinion.  Judge Keenan wrote the opinion, in which Chief Judge Traxler and Judge Duncan joined.

───────────

**ARGUED:** Faith Bushnaq, BUSHNAQ LAW OFFICE, PLLC, Charlotte, North Carolina, for Appellant.  David Alan Brown, Sr., OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.  **ON BRIEF:** Anne M. Tompkins, United States Attorney, Adam Morris, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

KEENAN, Circuit Judge:

Anthony Antonio Sims pleaded guilty to unlawfully possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1). In conjunction with his guilty plea, Sims executed a plea agreement that contained a waiver provision limiting his right to appeal his conviction and sentence. As part of Sims' sentence, the district court imposed a special condition of supervised release requiring that he register as a sex offender upon his release from prison.

On appeal, Sims argues that his counsel was ineffective by failing to object to the district court's imposition of this sex offender registration requirement, and that the district court committed plain error by imposing such a requirement not authorized by law. Although Sims' ineffective assistance of counsel argument is not precluded by his appeal waiver, we hold that this issue is not ripe for review on direct appeal. Accordingly, we dismiss that portion of Sims' appeal without prejudice. We also hold that Sims' appeal waiver does not bar him from challenging the district court's imposition of the sex offender registration requirement. However, we conclude on the merits of this issue that the district court did not commit plain error in imposing this condition of supervised release.

I.

The record in the district court showed that Sims was involved in an altercation with police, during which he stated that he had a firearm on his person. Sims ultimately was arrested, and a search of his person revealed a .38 caliber revolver in his rear pants pocket. A grand jury indicted Sims for possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). Sims agreed to plead guilty to that charge, and executed a written plea agreement in which he agreed to waive his right to appeal his conviction or sentence, except for claims of ineffective assistance of counsel or prosecutorial misconduct.

The presentence investigation report prepared after Sims' plea contained a recommendation that Sims should be designated as an armed career criminal under 18 U.S.C. § 924(e), based on four predicate offenses that purportedly qualified as crimes of violence. The fourth of these offenses was a conviction in South Carolina in 2005 for "Assault and Battery of a High Aggravated Nature/Indecent Liberties with Female" (the 2005 South Carolina offense). The victim of that crime was a minor.

After Sims entered a plea of no contest to the 2005 South Carolina offense, the prosecution agreed not to pursue an additional charge of assault with intent to commit criminal

3

sexual conduct with a minor, second degree.[1] As part of his sentence for the 2005 South Carolina offense, Sims was required to register as a "child abuser" in South Carolina.

Although Sims' trial counsel filed written objections to the presentence report on eight different grounds, none of those grounds related to Sims' prior offenses. Thus, Sims did not dispute any fact or raise any legal issue with respect to his conviction for the 2005 South Carolina offense, including that the conduct underlying the conviction involved indecent liberties with a female, or that he was ordered to register as a "child abuser" in South Carolina as a result of the conviction.

The district court accepted Sims' guilty plea to the firearm charge and held a sentencing hearing, at which the court sentenced Sims to a term of 180 months' imprisonment, at the low end of Sims' guidelines range of 180 to 210 months' imprisonment. In addition to the 180-month prison term, the district court also required Sims, as a special condition of

---

[1] According to the presentence report, the indictment for the 2005 South Carolina offense alleged that Sims "willfully and unlawfully commit[ted] sexual battery upon . . . a minor who was 12 years old at the time of the incident, by the insertion of all or part of his finger into the vagina of the minor victim." However, Sims argues that the record in this case does not shed light on the factual basis for Sims' plea in the South Carolina case, including whether the charged conduct described above was, in fact, the offense conduct for which Sims was convicted.

supervised release, to register as a sex offender in each jurisdiction where Sims resides or is employed following his release from prison.[2] In ordering this special condition of supervised release, the district court stated that the requirement was "[b]ased upon the defendant's prior South Carolina sexual assault conviction." Sims' trial counsel did not object to the district court's imposition of this special condition of supervised release.

## II.

Sims' arguments on appeal relate solely to the district court's imposition of the sex offender registration requirement as a condition of his supervised release. Sims contends that he was deprived of the effective assistance of counsel because his trial counsel did not object to the district court's decision to include this requirement as part of his sentence. Sims also asserts that the district court committed plain error in imposing this special condition.

In response, the government contends that Sims' ineffective assistance of counsel argument is not ripe for review on direct

[2] Additionally, the district court required Sims upon his release to register as a sex offender in North Carolina, the jurisdiction in which he was convicted of the firearms offense, even if he does not reside or work in North Carolina following his release.

5

appeal, because the record fails to disclose the reason trial counsel did not object to the district court's inclusion of the sex offender registration requirement as part of Sims' sentence.[3] The government further notes that ineffective assistance of counsel arguments ordinarily are adjudicated in a habeas corpus motion brought pursuant to 28 U.S.C. § 2255. We agree with the government's argument.

We will not reach the merits of an ineffective assistance counsel argument on direct appeal unless it "conclusively appears" from the record that the defendant's counsel failed to provide effective representation. <u>United States v. Richardson</u>, 195 F.3d 192, 198 (4th Cir. 1999) (citation omitted). After reviewing the record in this case, we cannot say that the record conclusively shows that Sims' trial counsel was ineffective. Of particular significance, we observe that Sims' trial counsel has not had the opportunity to explain whether she refrained from making an objection for strategic reasons, or had another basis for failing to make this objection in the district court.

Because it does not "conclusively appear[]" from the record that Sims' trial counsel failed to provide effective representation, we hold that Sims' ineffective assistance of

---

[3] The government concedes that Sims' appeal waiver does not prevent him from arguing that his trial counsel was ineffective.

6

counsel argument is not ripe for review on direct appeal.  See id.  We therefore dismiss without prejudice this portion of Sims' appeal.

Sims next argues that the district court committed plain error in imposing a sex offender registration requirement as a term of his supervised release, because that special condition is not authorized by law when a defendant is sentenced for a firearm conviction under 18 U.S.C. § 922(g)(1).  In response, the government raises a procedural issue, contending that Sims is barred from raising this argument on appeal because of the appeal waiver contained in his plea agreement that exempts only claims of ineffective assistance of counsel and prosecutorial misconduct.  We disagree with the government on this issue.

It is well established that a defendant, as part of a plea agreement, may waive his right to appeal his sentence provided that the waiver is made knowingly and voluntarily.  United States v. Wessells, 936 F.2d 165, 167 (4th Cir. 1991).  We ordinarily interpret a waiver provision in a plea agreement according to the agreement's plain language.  United States v. Holbrook, 368 F.3d 415, 420 (4th Cir. 2004), vacated on other grounds, 545 U.S. 1125 (2005).  However, this court and other courts of appeal on occasion have recognized exceptions to this general rule, declining to enforce appeal waivers under certain circumstances.  See, e.g., United States v. Marin, 961 F.2d 493,

496 (4th Cir. 1992) (noting that a defendant cannot waive his right to appeal a sentence that was imposed in excess of the maximum penalty provided by statute or that was based on a constitutionally impermissible factor); United States v. Bownes, 405 F.3d 634, 637 (7th Cir. 2005) (discussing various circumstances recognized by courts of appeal in which appeal waivers will not be enforced); United States v. Johnson, 347 F.3d 412, 415 (2d Cir. 2003) (declining to enforce appeal waiver because defendant argued on appeal that his sentence rested impermissibly on his financial situation and inability to pay restitution).

In United States v. Broughton-Jones, 71 F.3d 1143, 1145 (4th Cir. 1995), we held that a defendant's valid waiver of her right to appeal her sentence did not bar her from contesting the district court's restitution order, which the defendant claimed was not authorized by the Victim and Witness Protection Act. We characterized the restitution order as "illegal," in the same sense that a sentence of imprisonment exceeding the statutory maximum penalty is illegal. Id. at 1147. We held that the defendant's argument concerning the illegality of the restitution order therefore was outside the scope of the defendant's appeal waiver as a matter of law. Id.

Here, Sims contends that the sex offender registration requirement imposed by the district court is similarly

8

"illegal," and thus is outside the scope of his appeal waiver. Based on our holding in Broughton-Jones, we agree that Sims' argument challenging the imposition of the registration requirement is not subject to the appeal waiver provision in his plea agreement.

Addressing the merits of this issue, Sims concedes that his argument is subject to review only for plain error, because he did not object in the district court to the imposition of the sex offender registration requirement. To establish plain error, Sims must demonstrate that: (1) the district court erred; (2) the error was plain; (3) the error affected Sims' substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. United States v. Olano, 507 U.S. 725, 731-32, 736 (1993).

With these principles in mind, we reject Sims' argument that the district court lacked authority to require him to register as a sex offender as a special condition of his supervised release. Under 18 U.S.C. § 3583(d), a sentencing court has the discretion to impose a condition of supervised release so long as that condition is "reasonably related" to certain of the factors specified in 18 U.S.C. § 3553. These factors include, among others, "the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1).

9

The district court did not commit plain error in imposing the sex offender registration requirement because that condition was "reasonably related" to Sims' "history and characteristics." We note that the district court ordered this special condition "[b]ased upon the defendant's prior South Carolina sexual assault conviction." We conclude without difficulty that Sims' conviction for the 2005 South Carolina offense provided a sufficient nexus to the sex offender registration requirement that the district court imposed in this case. See United States v. Smart, 472 F.3d 556, 559-60 (8th Cir. 2006) (affirming sex offender registration requirement following defendant's conviction of a firearms offense based on defendant's past conviction of a sex offense); see also United States v. Wesley, 81 F.3d 482, 484 (4th Cir. 1996) (affirming special condition prohibiting alcohol consumption following defendant's conviction for embezzlement based on defendant's past convictions for driving under the influence and for being intoxicated and disruptive).

We are not persuaded by Sims' argument that the record fails to establish that the 2005 South Carolina offense involved conduct of a sexual nature or that the victim was a minor. Under a heading in the presentence report labeled "Conviction," Sims' offense is identified as "Assault and Battery of a High and Aggravated Nature/Indecent Liberties with Female."

10

(Emphasis added).  This description reveals that the 2005 South Carolina offense for which Sims was convicted involved unlawful conduct of a sexual nature with a female.

It is also clear that the victim in that case was a minor because the South Carolina court required Sims to register as a "child abuser" as part of his sentence.  Because Sims did not object to these representations in the presentence report, the district court was entitled to accept as fact that the 2005 South Carolina offense involved a sexual assault on a minor victim.  See Fed. R. Crim. P. 32(i)(3)(A) ("At sentencing, the court . . . may accept any undisputed portion of the presentence report as a finding of fact.").  Moreover, Sims does not argue on appeal that this factual information is erroneous.  Therefore, we hold that the district court did not commit plain error in determining that the 2005 South Carolina offense was a "sexual assault conviction."  See United States v. Wells, 163 F.3d 889, 900 (4th Cir. 1998) (holding that plain error standard applies to factual information in presentence report to which defendant did not object).

Our conclusion is not altered by Sims' additional argument that he should not be subject to this registration requirement because, under North Carolina, South Carolina, and federal law, his convictions do not trigger a mandatory registration requirement.  Even if Sims' characterization of the various laws

11

of these jurisdictions is correct, the district court nevertheless had discretion under 18 U.S.C. § 3553(a) and § 3583(d) to order Sims to register as a sex offender upon his release from prison. Thus, the district court's discretionary authority under these provisions renders it irrelevant whether any state or federal statute would have required Sims to register independent of the district court's order.

Finally, we reject Sims' argument that the district court did not explain adequately its reason for imposing the sex offender registration requirement. During the sentencing hearing, the district court prefaced its imposition of this requirement by stating that it was "[b]ased" on Sims' prior South Carolina sexual assault conviction. The district court also identified the docket number for the 2005 South Carolina offense. Given the obvious connection between the conduct involved in that conviction and the requirement that Sims register as a sex offender, we conclude under the plain error standard that the district court provided an adequate explanation for imposing this special condition of supervised release.

For these reasons, we dismiss without prejudice Sims' argument that his trial counsel provided ineffective assistance,

and we affirm the district court's sentence requiring Sims to register as a sex offender upon his release from prison.

<u>AFFIRMED IN PART AND DISMISSED</u>
<u>IN PART WITHOUT PREJUDICE</u>