**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 17-4179

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

BRADY LEON BECK,

Defendant – Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Frank D. Whitney, Chief District Judge. (3:16-cr-00073-FDW-DCK-1)

Argued: October 30, 2019                                   Decided: April 27, 2020

Before DIAZ, HARRIS, and RUSHING, Circuit Judges.

Affirmed by published opinion. Judge Diaz wrote the majority opinion, in which Judge Harris joined. Judge Harris wrote a concurring opinion. Judge Rushing wrote a dissenting opinion.

**ARGUED:** Daniel Micah Blau, DANIEL M. BLAU, ATTORNEY AT LAW, PC, Raleigh, North Carolina, for Appellant. Anthony Joseph Enright, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee. **ON BRIEF:** R. Andrew Murray, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

DIAZ, Circuit Judge:

Brady Leon Beck pleaded guilty to distributing child pornography, in violation of 18 U.S.C. § 2252A(a)(1), and to committing a felony offense involving a minor (specifically, producing child pornography, in violation of 18 U.S.C. § 2251) while being required to register as a sex offender, in violation of 18 U.S.C. § 2260A. The district court sentenced Beck to forty years' imprisonment on the distribution count and ten years' imprisonment on the § 2260A count, to be served consecutively.

Beck now appeals, arguing that his conviction and ten-year sentence under § 2260A[1] are invalid because that statute doesn't state an offense and thus can't underlie a conviction. Because we reach the opposite conclusion, we affirm his conviction and sentence.

I.

A.

In March 2016, Beck was indicted on five counts related to the production and distribution of child pornography. Count One charged Beck with producing child

---

[1] Section 2260A provides that:

> Whoever, being required by Federal or other law to register as a sex offender, commits a felony offense involving a minor under section 1201, 1466A, 1470, 1591, 2241, 2242, 2243, 2244, 2245, 2251, 2251A, 2260, 2421, 2422, 2423, or 2425, shall be sentenced to a term of imprisonment of 10 years in addition to the imprisonment imposed for the offense under that provision. The sentence imposed under this section shall be consecutive to any sentence imposed for the offense under that provision.

pornography, in violation of 18 U.S.C. § 2251(a). Counts Two and Three charged Beck with distributing child pornography, in violation of 18 U.S.C. § 2252A(a)(1). Count Four charged Beck with possessing child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). And Count Five charged Beck with violating 18 U.S.C. § 2260A by committing an enumerated felony offense involving a minor—namely, producing child pornography (the crime underlying Count One)—while being required to register as a sex offender.

Beck pleaded guilty to Counts Two and Five pursuant to a written plea agreement. As part of his guilty plea, Beck agreed to a written factual basis for the offenses. Therein, Beck admitted that in April 2004, he had been convicted in North Carolina for second-degree rape of a ten-year-old child. Because of that offense, Beck was required to register as a sex offender. Beck also admitted that, in June 2014, while still being required to register, he exploited a three-year-old child to produce child pornography, which he then distributed. Beck stipulated that he was subject to a statutory sentencing range of fifteen to forty years on Count Two and a mandatory ten-year sentence on Count Five, "consecutive to any other sentence." J.A. 236.

As part of his plea agreement, Beck waived his right to contest his conviction or sentence on appeal or collateral review, except for claims of ineffective assistance of counsel or prosecutorial misconduct. In exchange, the government dismissed the other three counts with which Beck had been charged. Among other things, the dismissals

eliminated Beck's exposure to fifteen-year mandatory minimum sentences under Counts Three and Four and to a potential mandatory life sentence under Count One.

During the Rule 11 plea colloquy, *see* Fed. R. Crim. P. 11, the court described both counts to which Beck was pleading guilty and the potential penalties. The court explained that Count Five charged Beck with committing a felony offense involving a minor while being required to register as a sex offender and that the penalty for that offense was ten years of imprisonment. Beck represented that he understood the charges, that the written factual basis for the plea was accurate, and that he was guilty. The court also ensured that Beck understood the appellate waiver in his plea agreement. Beck affirmed that he had reviewed the plea agreement with his attorney and that he understood its terms, including the waiver of his right to appeal. The district court accepted Beck's plea, finding that it was knowing and voluntary. The court sentenced Beck to forty years' imprisonment on Count Two, and ten years' imprisonment on Count Five, to run consecutively. Beck appealed.

B.

On appeal, Beck argued for the first time that it was error for the plea agreement to require a consecutive ten-year sentence on Count Five and that his counsel had been ineffective for failing to identify this error. The government agreed that "the plea agreement erroneously specified that the district court was required by statute to impose consecutive sentences for the two offenses," and the parties moved jointly to remand the

4

case so that the district court could address the error in the first instance. We granted the motion.

On remand, Beck expanded his argument to assert not only that his sentences were not required to be consecutive but also that the factual basis for his plea was insufficient to convict him on Count Five, the registered-sex-offender crime. Beck argued that the statute of conviction, 18 U.S.C. § 2260A, required an underlying conviction for one of the predicate felonies enumerated in the statute. The government responded that, because the convictions and plea agreement remained intact, Beck would need to withdraw his guilty plea in order to attack his conviction on Count Five. Beck then moved to withdraw his plea.

The district court held several hearings on remand. Ultimately, the court denied Beck's motion to withdraw his plea and concluded that Beck's conviction was valid, that it was required to sentence Beck to ten years' imprisonment on Count Five, and that it had discretion to make that sentence consecutive or concurrent to Beck's sentence for Count Two. After hearing argument and evidence, the court again sentenced Beck to forty years' imprisonment on Count Two, and ten years' imprisonment on Count Five, to run consecutively.

Beck again appealed his sentence but didn't challenge the district court's denial of his motion to withdraw his plea. The Government moved to dismiss based on the appeal waiver in Beck's plea agreement. Beck responded that the waiver was unenforceable with respect to his claim that he had been illegally sentenced and didn't encompass his new

5

claim of ineffective assistance of counsel.[2]  We summarily denied the motion, but the Government reiterated its argument for dismissal in its merits brief.

## II.

On appeal, Beck further expands the argument he made in the district court. According to Beck, his conviction and sentence under Count Five are invalid because § 2260A doesn't state an offense and thus can't support *any* conviction.  Instead, he posits, § 2260A is a sentence enhancement for defendants convicted of one of its enumerated predicate felonies.

As a threshold matter, the government asserts that Beck's plea agreement bars this appeal because it contains a waiver of Beck's right to appeal his conviction or sentence. When the government seeks to enforce an appeal waiver and has not breached the plea agreement, we will enforce the waiver if it is valid and if the issue being appealed falls within its scope. *See United States v. Manigan*, 592 F.3d 621, 627 (4th Cir. 2010).

We agree with Beck that his appeal falls outside the scope of his waiver.  If he is correct that § 2260A can't support a conviction, it would be beyond any court's authority to convict a defendant under that statute, and thus to impose a sentence for such a conviction.  In this way, his argument mirrors those alleging that a statute doesn't authorize a court to order restitution or sex-offender registration in any case.  Those arguments

---

[2] Beck abandoned his ineffective assistance claim in his reply brief, so we don't address it further.

6

survive appeal waivers. *See United States v. Sims*, 410 F. App'x 666, 669–70 (4th Cir. 2011) (unpublished) (sex-offender registration); *United States v. Broughton-Jones*, 71 F.3d 1143, 1146–47 (4th Cir. 1995) (restitution); *see also United States v. Thornsbury*, 670 F.3d 532, 539 (4th Cir. 2012) (stating that we don't enforce appeal waivers where "the sentence is alleged to have been beyond the authority of the district court to impose").

The cases cited by the government and the dissent are distinguishable because the defendants there were asserting that their conduct fell outside the scope of an otherwise valid statute of conviction. *See United States v. Flowers*, 736 F. App'x 352, 355 (4th Cir. 2018) (unpublished) (per curiam) (defendant challenged the definition of an "official act" necessary to prove Hobbs Act extortion); *United States v. Willis*, 992 F.2d 489, 490–91 (4th Cir. 1993) (defendant posited that an inoperable firearm didn't count as a "firearm" under 18 U.S.C. § 924(c)(1)). We respectfully disagree with our colleague that the offense-versus-enhancement question is a red herring. Simply put, Beck is arguing that *no court in any case* may do what the district court did here: convict a defendant under § 2260A. That amounts to a claim that the "district court exceeded its authority." *Thornsbury*, 670 F.3d at 539.

We thus decline to dismiss this appeal.

III.

We turn now to the merits of Beck's argument that § 2260A can't support a conviction. Our review is de novo when addressing matters of statutory interpretation. *See United States v. Segers*, 271 F.3d 181, 183 (4th Cir. 2001).

7

A.

Beck's argument relies on the distinction between statutory provisions that create offenses and ones that create sentence enhancements. He asserts that offenses underlie convictions, while enhancements increase the statutory penalties for a defendant who has been convicted of an offense. *Almendarez-Torres v. United States*, 523 U.S. 224, 226 (1998); *see Alleyne v. United States*, 570 U.S. 99, 100–101 (2013) (referring to enhancements as "sentencing factors").

This distinction matters primarily because certain Sixth Amendment rights—i.e., the right to a jury trial and to notice in an indictment—attach to offenses, but not to enhancements. *See Almendarez-Torres*, 523 U.S. at 226, 228 (explaining that the indictment right doesn't attach to enhancements) (1998); *United States v. McDowell*, 745 F.3d 115, 123 (4th Cir. 2014) (explaining that the jury right doesn't attach to the Armed Career Criminal Act, which is an enhancement). And under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and its progeny, "any facts that increase the prescribed range of penalties to which a criminal defendant is exposed" must be found by a jury beyond a reasonable doubt. *Alleyne*, 570 U.S. at 111. Only one type of fact is excepted from that rule: the fact of a prior conviction. *McDowell*, 745 F.3d at 123. "[T]he Sixth Amendment permits a judge to find the fact of a prior conviction by a mere preponderance of the evidence, even if this fact raises the statutory maximum or minimum penalty for the current offense." *Id.* (citing *Almendarez-Torres v. United States*, 523 U.S. 224 (1998)).

We deduce from these principles that an enhancement may include only two elements: a conviction in the instant case for an underlying offense (a "predicate offense"),

8

and the fact of one or more prior convictions. If a provision includes any other elements related to the instant underlying offense, it can't be an enhancement, or else it would be unconstitutional. *See Alleyne*, 570 U.S. at 115 (holding that any fact that "aggravates the legally prescribed range of allowable sentences" is "an element of a separate, aggravated offense that must be found by the jury").

To apply an enhancement, a sentencing court must (1) note that the defendant was convicted in the instant case of one of the enhancement's predicate offenses and (2) find by a preponderance of the evidence that the defendant has one or more prior convictions that satisfy the enhancement's requirements.[3] Additionally, Rule 11 requires courts to notify defendants of any applicable sentence enhancements before accepting a guilty plea. *See United States v. Lockhart*, 947 F.3d 187, 197 (4th Cir. 2020) (vacating a guilty plea in part because the magistrate judge erred by not telling a defendant that he was subject to an enhancement).

Typically, defendants prefer that statutory provisions be treated as offenses so that the requisite Sixth Amendment rights attach. *See United States v. Haymond*, 139 S. Ct. 2369, 2386 (2019) (Breyer, J., concurring) (agreeing with the defendant that a provision was "like punishment for a new offense, to which the jury right would typically attach"); *Almendarez-Torres*, 523 U.S. at 227 (rejecting the defendant's argument that 8 U.S.C.

---

[3] The Armed Career Criminal Act ("ACCA") is a paradigmatic enhancement. It provides that any defendant who (1) violates the felon-in-possession statute and (2) has three prior convictions for certain types of crimes is subject to a fifteen-year minimum sentence. *See* 18 U.S.C. § 924(e)(1).

9

§ 1326(b)(2), which provides for a twenty-year sentence for an alien who tries to illegally reenter the country after previously being removed due to an aggravated felony conviction, stated an offense); *United States v. Blannon*, 836 F.2d 843, 844 (4th Cir. 1988) (rejecting the defendant's argument that the ACCA stated an offense). But Beck wants the reverse.

This approach is novel in two respects. First, courts have affirmed numerous § 2260A convictions without considering whether the statute states an offense, *see, e.g.*, *United States v. Slaughter*, 708 F.3d 1208, 1214–1216 (11th Cir. 2013), although we're not aware of any such cases where the defendant wasn't also convicted of a predicate felony. Second, and more importantly, we know of no case where a defendant attacked a conviction by claiming that the underlying statute was a mere sentence enhancement.

Further complicating this case's unusual posture, the primary benefit that Beck obtained from his plea deal—the dismissal of Count One, which charged him with one of § 2260A's enumerated offenses—is what allows him to make this argument. Had he also pleaded guilty to Count One, a sentence under § 2260A would plainly be proper; any uncertainty about whether § 2260A stated an offense would be academic. *See United States v. Lowe*, 860 F.2d 1370, 1381 (7th Cir. 1988) (holding that listing an enhancement as an offense in an indictment was harmless error because it didn't prejudice the defendant (citing Fed. R. Crim. P. 7(c))). But the government agreed to dismiss Count One (and two other counts) because it would have exposed Beck to a mandatory life sentence, *see* 18 U.S.C. § 3559(e)(1).

With that context in mind, we proceed to consider whether § 2260A creates an offense.

10

B.

1.

We reiterate the text of Section 2260A, which provides:

Whoever, being required by Federal or other law to register as a sex offender, commits a felony offense involving a minor under section 1201, 1466A, 1470, 1591, 2241, 2242, 2243, 2244, 2245, 2251, 2251A, 2260, 2421, 2422, 2423, or 2425, shall be sentenced to a term of imprisonment of 10 years in addition to the imprisonment imposed for the offense under that provision. The sentence imposed under this section shall be consecutive to any sentence imposed for the offense under that provision.

In considering whether Congress intended § 2260A to state an offense, we look to whether the provision's features "more closely resemble" those of an offense or an enhancement. *See Haymond*, 139 S. Ct. at 2386 (Breyer, J., concurring) (reasoning that three aspects of a provision made it "less like ordinary revocation and more like punishment for a new offense," to which Sixth Amendment rights should attach);[4] *see also Almendarez-Torres*, 523 U.S. at 228 (assessing whether a provision stated an offense or an enhancement by "look[ing] to the statute's language, structure, subject matter, context, and history").

As we have explained, a sentence enhancement may include only two elements: a concurrent conviction for a predicate offense and the fact of one or more prior convictions. If a statute requires the government to prove an additional element—e.g., an aggravating

---

[4] Justice Breyer's concurrence offers the narrowest basis for the Court's fractured decision, so it is controlling. *See Manning v. Caldwell for City of Roanoke*, 930 F.3d 264, 280 n.13 (4th Cir. 2019) (en banc) (citing *Marks v. United States*, 430 U.S. 188, 193 (1977)).

11

circumstance relating to the predicate offense—it can't be an enhancement, or else it would be unconstitutional under *Apprendi* and its progeny. *See Alleyne*, 570 U.S. at 115 (holding that any fact other than a prior conviction that can increase "the legally prescribed range of allowable sentences" for an offense must be found by a jury).[5]

On its face, § 2260A includes three elements: a defendant (1) must be required to register as a sex offender and (2) must "commit[]" one of its sixteen enumerated offenses, which (3) must involve a minor. Beck correctly notes that the first element is a prior-conviction element: any person with a prior sex-crime conviction must register as a sex offender. *See* 34 U.S.C. § 20913(a) (requiring any "sex offender" to register); 34 U.S.C. § 20911(1) (defining "sex offender" as "an individual who was convicted of a sex offense"). And he believes that the second and third elements are properly viewed as one predicate-offense element because, in his view, the phrase "involving a minor" simply describes the enumerated offenses. Thus, he posits, because § 2260A consists solely of a predicate-offense element and a prior-conviction element, it is a sentence enhancement.

We disagree. The second and third elements are distinct because seven of § 2260A's enumerated offenses don't necessarily involve a minor. *See* 18 U.S.C. § 1201 (kidnapping); *id.* § 2241 (aggravated sexual abuse); *id.* § 2242 (sexual abuse); *id.* § 2244 (abusive sexual contact); *id.* § 2245 (sex offenses resulting in death); *id.* § 2421 (transporting individuals to engage in criminal sexual activities); *id.* § 2422 (coercing

---

[5] In assessing Congress's intent, we think it relevant that § 2260A was enacted six years after *Apprendi*, because "[w]e assume that Congress is aware of existing law when it passes legislation." *Miles v. Apex Marine Corp.*, 498 U.S. 19, 32 (1990).

12

individuals to travel to engage in criminal sexual activities). Congress chose to put the words "involving a minor" in § 2260A; we must assume that choice was deliberate. *See Russello v. United States,* 464 U.S. 16, 23 (1983) ("Where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." (cleaned up)).

Indeed, the legislative history Beck cites—in the form of two floor statements by the bill's author—uses the word "child" when describing § 2260A. *See* 152 Cong. Rec. 75, S5787 (2006); *id.* at 96, S8025. This further suggests that § 2260A was only intended to cover crimes involving children. Thus, we must treat the involvement of a minor as a separate element to which the jury right attaches. *See Slaughter*, 708 F.3d at 1215 ("Section 2260A limits liability to felony offenses involving a minor." (cleaned up)). And because § 2260A includes this additional element, it can't be a sentence enhancement. It must be an offense. *See Alleyne*, 570 U.S. at 115 (holding that any fact that "aggravates the legally prescribed range of allowable sentences" is "an element of a separate, aggravated offense that must be found by the jury").

It doesn't matter that the enumerated offense Beck was accused of, § 2251, is one of the nine that *do* necessarily involve a minor. This is because, in assessing whether a provision states an offense, we look to its general features, not simply its application in a particular defendant's case. *See Haymond*, 139 S. Ct. at 2386 (Breyer, J., concurring) (looking to a statute's overall features); *Almendarez-Torres*, 523 U.S. at 228–35 (same).

13

Further, § 2260A's listed offenses represent alternative means of satisfying a single element. *Cf. Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016) (explaining that a statute can "specif[y] diverse means of satisfying a single element of a single crime"). We're not aware of any provision that creates an offense as to only *some* of the means of satisfying one of its elements, so it's unlikely that Congress intended such a convoluted result here.

2.

Beck's counterarguments don't persuade us. He notes that § 2260A's text is comparable to the ACCA's in that it doesn't use conduct-proscribing language like "unlawful." But three other offense-creating provisions, 18 U.S.C. §§ 924(c), 1028A, and 2245, are worded similarly.

Section 924(c)(1)(A) states that a person "shall . . . be sentenced" for using or possessing a firearm in furtherance of a crime of violence or a drug-trafficking crime, yet we have held that it states a freestanding offense. *See United States v. Carter*, 300 F.3d 415, 424–25 (4th Cir. 2002) (affirming a § 924(c) conviction absent any predicate conviction). So too does § 1028A(a)(1), which provides that a person "shall . . . be sentenced" for knowingly transferring, possessing, or using another person's identification during and in relation to certain felonies. *See United States v. Lopez-Diaz*, 794 F.3d 106, 115 (1st Cir. 2015) (affirming a § 1028A conviction absent any predicate conviction). And the same is true of § 2245 (one of § 2260A's enumerated offenses), which sets forth that a person "shall be punished by death or imprisoned" if they murder an individual in the course of certain sex crimes. 18 U.S.C. § 2245. The key difference between offense-creating provisions like §§ 924(c), 1028A, and 2245, and enhancement-creating provisions

14

like the ACCA, is that the former include an aggravating-circumstance element that a jury must find. 18 U.S.C. § 924(c) (use of a firearm); *id.* § 1028A (use of another person's identification); *id.* § 2245 (murder). Section 2260A does as well. *Id.* § 2260A (involvement of a minor).

Additionally, Beck observes that the second half of § 2260A's first sentence—which provides for a ten-year sentence "in addition to the imprisonment imposed for the [predicate felony]"—implies that there will be a conviction and sentence for one of the enumerated offenses. This is Beck's strongest point. But that language doesn't expressly preclude § 2260A from applying where there's no underlying conviction. Rather, the statute purports to apply to whoever "commits" an enumerated felony involving a minor, not whoever *is convicted* of one. *Id.*

More importantly, a signal that Congress expected that § 2260A offenders would usually be convicted for their underlying offense can't outweigh the statute's inclusion of an aggravating-circumstance element, which—as we assume Congress knew, *see Miles,* 498 U.S. at 32—*categorically prevents it* from being an enhancement. In short, our reading of § 2260A's language is the same as the district court's: the statute mandates a ten-year sentence, which (1) must be consecutive to any sentence for a predicate offense and (2) can be either consecutive or concurrent to a sentence for any other offense, in keeping with the default rule that courts have discretion to make sentences consecutive or concurrent, 18 U.S.C. § 3584(a).

Beck also points to § 2260A's title, "Penalties for registered sex offenders," as evidence that the statute is an enhancement. He notes the Supreme Court's language in

15

*Almendarez-Torres* that "[a] title that contains the word 'penalties' more often, but certainly not always, signals a provision that deals with penalties . . . ." 523 U.S. at 234 (cleaned up). But because of § 2260A's structure, we believe that it is an exception to the general rule, just like § 924(c), which is located in a section entitled "Penalties." Additionally, the public law that created § 2260A refers to it as an "OFFENSE," Adam Walsh Child Protection and Safety Act of 2006, Pub. L. No. 109–248, § 702(a), 120 Stat. 587 (2006), so the language of *Almendarez-Torres* doesn't support Beck's position as clearly as he would like.

We are similarly unconvinced by Beck's assertion that § 2260A includes a prior-conviction element, something typically associated with enhancements, *see Almendarez-Torres*, 523 U.S. at 230 ("[P]rior commission of a serious crime [] is as typical a sentencing factor as one might imagine."). As we have explained, if a provision includes an aggravating-circumstance element, it is an offense, even if it also includes a prior-conviction element. The felon-in-possession provision, 18 U.S.C. § 922(g)(1), is a good example: while it contains a prior-conviction element, it also requires a jury to find that the defendant knew that he both possessed a firearm and had a prior felony conviction. *See Rehaif v. United States*, 139 S. Ct. 2191, 2194 (2019).

Nor are we swayed by Beck's discussion of § 2260A's legislative history. A floor statement from the bill's author highlighting § 2260A's sentencing aspects, and the Congressional Research Service's decision to include § 2260A in a category of provisions that increased criminal penalties, don't outweigh the fact that the statute is structured like an offense. Section 2260A simply can't be an enhancement in the way that courts use the

16

term because it requires a jury to find an aggravating fact beyond what is necessary to convict a defendant of an enumerated felony.

Beck also directs us to *United States v. Wickersham*, where a district court dismissed a § 2260A count before trial, finding that the statute "is a penalty enhancement provision" and "does not state a crime at all." No. 18-CR-173, 2019 WL 79434, at *1 (E.D. Wis. Jan. 2, 2019). But the court didn't acknowledge that § 2260A includes as an element a minor's involvement in the predicate offense. We respectfully disagree with the *Wickersham* court's conclusion.

Finally, Beck argues that the rule of lenity compels us to adopt his interpretation of the statute. *See United States v. Bass*, 404 U.S. 336, 347 (1971) ("[A]mbiguity concerning the ambit of criminal statutes should be resolved in favor of lenity." (cleaned up)). We disagree.

First, the statute isn't sufficiently ambiguous to merit applying the rule of lenity, the "last resort" of interpretive methods. *United States v. Ehsan,* 163 F.3d 855, 858 (4th Cir. 1998). And second, lenity doesn't support his interpretation. In fact, treating § 2260A as an enhancement would generally be against defendants' interests because they would lose the Sixth Amendment rights that attach to offenses. Indeed, it may well be against Beck's interests, too, given the plea deal he struck.

Recall that the government agreed to dismiss Counts One, Three, and Four as part of Beck's plea deal. Recall also that Count One could have yielded a mandatory life sentence, while Counts Three and Four carried mandatory fifteen-year minimums. If we

were to hold that § 2260A can't support a conviction and so vacate Beck's plea, the government would be free to seek convictions on the previously dismissed counts.

* * *

For the reasons given, we affirm the district court's judgment.

*AFFIRMED*

PAMELA HARRIS, Circuit Judge, concurring:

I concur in all respects with the majority's convincing treatment of the appeal-waiver issue, and with its conclusion that 18 U.S.C. § 2260A sets out a criminal offense rather than a sentencing enhancement. I write separately only to emphasize some of the peculiar features of this case that have muddled the statutory question in front of us.

First, § 2260A contains internal contradictions that make it harder than it should be to tell whether the statute creates a stand-alone criminal offense or authorizes only a sentencing enhancement for recidivist sex offenders. The statute is conspicuously titled "Penalties for registered sex offenders," and provides that a defendant's mandatory ten-year sentence will be "in addition to" the sentence imposed for predicate-offense conduct. 18 U.S.C. § 2260A. The majority correctly points out that § 2260A requires proof of a fact other than a prior conviction – a minor must be a victim of the predicate offense committed by the defendant – but that fact *already* is an essential element of several of the listed predicate offenses, including Beck's. *See* 18 U.S.C. § 2251(a) (sexual exploitation of a minor); 18 U.S.C. § 2251A(b) (purchasing custody or control of a minor for sexual purposes); 18 U.S.C. § 2423(a) (transporting a minor with intent to engage in criminal sexual activity).

And then there is the distinctly unusual posture of this case. As the majority points out, Beck's interpretation of § 2260A runs counter to the rational interests of defendants in general. If we were to agree with Beck, then registered sex offenders convicted and sentenced for one of § 2260A's predicate offenses would have no right to notice in an indictment or to trial by an impartial jury before being sentenced to a ten-year consecutive

19

term of imprisonment under § 2260A. *See Jones v. United States*, 526 U.S. 227, 243 n.6 (1999). Denying these rights to a defendant is no trivial matter. *See United States v. Ramirez-Castillo*, 748 F.3d 205, 213 (4th Cir. 2014) (the guarantee of a jury trial "reflect[s] a fundamental decision about the exercise of official power – a reluctance to entrust plenary powers over the life and liberty of the citizen to one judge" (quoting *Duncan v. Louisiana*, 391 U.S. 145, 156 (1968))).

Stranger still, Beck's preferred interpretation is contrary to his interests in particular: It undoes a generous plea deal that allowed Beck to avoid a possible mandatory life sentence by accepting the ten-year sentence under § 2260A and a sentencing range of 15 to 40 years for his violation of 18 U.S.C. § 2552A. And in denying himself the benefit of this arrangement, Beck would deprive future defendants of similarly advantageous plea deals. Rarely do we find the government urging us to adopt the more defendant-friendly reading of a criminal statute, but this is such a case – and so, as the majority opinion explains, the rule of lenity is of no assistance to Beck here.

That § 2260A allowed for such a favorable plea agreement in the first place highlights what is for me the greatest oddity in this case. As the majority opinion recounts, when a defendant commits one of § 2260A's predicate offenses and is also a registered sex offender – that is, a repeat offender – and his crime involves a minor, then he is subject to a mandatory ten-year sentence of imprisonment, no more and no less. But the same predicate offense, committed *without* one or more of § 2260A's aggravating factors – for instance, by a defendant who is not a recidivist – may carry a substantially *higher* sentence. *Compare, e.g.*, 18 U.S.C. § 2251A(b) (purchase of minor for sexual purposes is punishable

20

by "not less than 30 years"), *with* 18 U.S.C. § 2260A (recidivist sex offender who commits a § 2251A(b) offense "shall be sentenced to a term of imprisonment of 10 years"). In other words, a defendant who commits a predicate offense under aggravated circumstances may be eligible for a *lower* sentence under § 2260A than a defendant who commits the same offense in the *absence* of such aggravators. It seems highly unlikely that Congress intended such a result.

But we are left with what Congress wrote, and under all of the circumstances of this very unusual case, I believe the majority opinion has adopted the fairest reading of § 2260A's text. If we are mistaken, then I hope that Congress will take a second look at this confusing provision and provide some much-needed clarity.

RUSHING, Circuit Judge, dissenting:

I have no reason to question the majority's thorough analysis and its conclusion that 18 U.S.C. § 2260A creates a substantive offense rather than a mere sentencing enhancement. But I believe we are prevented from resolving this novel legal question because the appeal waiver contained in Beck's plea agreement requires that we dismiss his appeal.

Beck's plea agreement included a comprehensive waiver of his right to appeal his conviction or sentence except for claims of ineffective assistance of counsel or prosecutorial misconduct. When, as here, the government seeks to enforce an appeal waiver and has not breached the plea agreement, we will enforce the waiver if it is valid and if the issue being appealed falls within its scope. *United States v. Manigan*, 592 F.3d 621, 627 (4th Cir. 2010); *see United States v. Blick*, 408 F.3d 162, 168–169 (4th Cir. 2005). Beck does not dispute that his appeal waiver is valid, and a review of the plea colloquy confirms that Beck's waiver was knowing and voluntary. *See United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012) ("Generally, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid."). On remand, the district court held a hearing on Beck's motion to withdraw his plea, but Beck did not present any evidence that the plea or appeal waiver was unknowing or involuntary.

Instead, Beck contends that his appeal falls outside the scope of his waiver because the district court imposed an illegal sentence in excess of its statutory authority. Beck is

22

correct that an appeal of an illegal sentence will survive an appellate waiver, *see Thornsbury*, 670 F.3d at 539, and "[a] defendant who waives his right to appeal does not subject himself to being sentenced entirely at the whim of the district court," *United States v. Marin*, 961 F.2d 493, 496 (4th Cir. 1992). But "not every appeal alleging a legal error in sentencing challenges that sentence as 'illegal,' as we have used the term in our precedent." *Thornsbury*, 670 F.3d at 539. Rather, challenges to sentences as "illegal" that survive an appellate waiver are those involving "fundamental issues," such as "challenges claiming a district court exceeded its authority, claiming that a sentence was based on a constitutionally impermissible factor such as race, or claiming a post-plea violation of the right to counsel." *Id.* (citing *Marin*, 961 F.2d at 496, and *United States v. Attar*, 38 F.3d 727, 731–732 (4th Cir. 1994)). For example, we have found that a district court exceeded its authority at sentencing when it imposed restitution in the absence of authority to do so, *see United States v. Broughton-Jones*, 71 F.3d 1143, 1147–1149 (4th Cir. 1995), and we have suggested that a defendant "could not be said to have waived his right to appellate review of a sentence imposed in excess of the maximum penalty provided by statute," *Marin*, 961 F.2d at 496.

Beck's argument on appeal boils down to an assertion that Section 2260A— regardless of whether considered a substantive offense or a sentencing enhancement—did not authorize the district court to impose a 10-year sentence for Count Five because Beck was not convicted of any of the predicate offenses listed in the statute. The offense-versus-enhancement question is a red herring; the reason Beck claims that his sentence is illegal is because he has not been convicted of one of Section 2260A's predicate offenses. *See*,

23

*e.g.*, Am. Opening Br. 30 ("Because § 2260A did not authorize the District Court to impose a ten-year sentence on Mr. Beck absent a conviction for an enumerated predicate offense, and because Mr. Beck was not convicted of a predicate offense, the District Court lacked the statutory authority to sentence Mr. Beck under § 2260A."). But Beck pleaded guilty to violating Section 2260A (again, regardless of whether it is characterized as an offense or an enhancement), and the district court sentenced Beck to precisely the sentence required by that statute. By pleading guilty, Beck agreed that he met all the elements of Count Five, that he was guilty, and that he could be sentenced to 10 years of imprisonment on Count Five, in accord with Section 2260A. The district court then sentenced Beck to 10 years on Count Five, in addition to 40 years on Count Two. Beck "reasonably contemplated" this sentence when he executed the appeal waiver; indeed, the plea agreement expressly contemplated "that he would be sentenced in exactly the manner in which he was, in fact, sentenced." *Blick*, 408 F.3d at 172–173; *see id.* (contrasting *Broughton-Jones* and *Attar*, where being sentenced without counsel or sentenced to an unauthorized restitution order "was not part of the bargain [the defendants] struck with the United States"). The district court did not exceed its authority when it imposed a sentence pursuant to the statutes to which Beck pleaded guilty.

Beck's supposed "illegal sentence" argument is really an argument that his conduct does not satisfy the statutory elements. He believes that the phrase "commits a felony offense involving a minor under [the statutory sections enumerated]" in Section 2260A means "is convicted of" such an offense. Without a conviction for one of the enumerated

24

offenses, the argument goes, a defendant cannot be *guilty* of (and therefore sentenced for) a violation of Section 2260A.

This argument about the meaning of the statute of conviction and whether Beck's conduct satisfied the statutory requirements is covered by his comprehensive waiver and does not concern an illegal sentence. *See*, *e.g.*, *United States v. Flowers*, 736 Fed. App. 352, 355 (4th Cir. 2018) (per curiam) (holding that argument about the definition of an "official act" necessary to prove Hobbs Act extortion under color of official right was within scope of appellate waiver). Notably, Beck does not contend that no court would have authority to sentence any defendant under Section 2260A; he argues only that *his* conduct—committing a predicate offense but without a conviction for such offense—does not satisfy the statutory elements. *Cf. United States v. Cornette*, 932 F.3d 204, 209 (4th Cir. 2019) (holding that a challenge to an ACCA sentencing enhancement was outside the defendant's appellate waiver because the challenge was predicated on the assertion that district courts lack statutory authority to impose sentences based on the residual clause of ACCA).

Moreover, by pleading guilty, Beck relinquished the right to assert on appeal that the statute to which he pleaded guilty should be construed not to apply to him. *See United States v. Willis*, 992 F.2d 489, 491 (4th Cir. 1993) (concluding that the defendant "relinquished his right to contest the meaning" of the statute of conviction "[b]y pleading guilty"); *see also United States v. Fitzgerald*, 820 F.3d 107, 110 (4th Cir. 2016) ("It is the general rule that when a defendant pleads guilty, he waives all non-jurisdictional defects in the proceedings conducted prior to entry of the plea, and thus has no non-jurisdictional

25

ground upon which to attack that judgment except the inadequacy of the plea." (internal quotation marks and alteration omitted)). Beck does not appeal the district court's denial of his motion to withdraw his guilty plea, nor does he argue that the district court erred in accepting his plea or the factual basis for it. Perhaps this is because of the advantage he gained by the dismissal of the other counts in the indictment, including one count with a potential mandatory life sentence. But Beck's requested remedy illustrates the problem with his argument: he would have us retain his guilty plea to violating Section 2260A but vacate his 10-year sentence under that statute, so that he receives no punishment for a crime he admits he committed. *See* Reply Br. 6–7.

"[B]ecause appeal waivers 'preserve[] the finality of judgments and sentences imposed pursuant to valid pleas of guilty,' they 'should be given their proper effect,' and a defendant who waives his right to appeal for the purpose of obtaining concessions from the government 'may not ignore his part of the bargain.'" *Blick*, 408 F.3d at 168 (quoting *United States v. Wiggins*, 905 F.2d 51, 54 (4th Cir. 1990)). Therefore, because Beck's appeal waiver forecloses his argument that Section 2260A does not apply to his conduct, I would dismiss his appeal in its entirety.