**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4451**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

PATRICIA HARRISON,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia.  J. Michelle Childs, District Judge.  (3:19-cr-00134-JMC-1)

Submitted:  April 6, 2021                           Decided:  April 14, 2021

Before WILKINSON and WYNN, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Tristan M. Shaffer, Chapin, South Carolina, for Appellant.  Benjamin Neale Garner, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Patricia Harrison pled guilty, pursuant to a written plea agreement, to one count of aggravated identity theft, in violation of 18 U.S.C. § 1028A. The district court sentenced Harrison to 24 months' imprisonment. On appeal, Harrison's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), conceding that there are no meritorious issues for review, but questioning whether the district court plainly erred in imposing the 24-month sentence because it is not mandatory in this case, as Harrison did not plead guilty to a predicate offense. Although notified of her right to do so, Harrison did not file a pro se supplemental brief. We affirm the district court's judgment.

Because Harrison did not advance the argument she raises on appeal in the district court, we review it for plain error. *See United States v. Lockhart*, 947 F.3d 187, 191 (4th Cir. 2020) (en banc). "To succeed under plain error review, a defendant must show that: (1) an error occurred; (2) the error was plain; and (3) the error affected h[er] substantial rights." *Id.* If Harrison makes this showing, "[w]e retain the discretion to correct [the] error but will do so only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted).

Harrison's statute of conviction provides:

> Whoever, during and in relation to any felony violation enumerated in subsection (c), knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person shall, in addition to the punishment provided for such felony, be sentenced to a term of imprisonment of 2 years.

18 U.S.C. § 1028A(a)(1). The statute then reiterates that a district court may not place a defendant on probation, *id.* § 1028A(b)(1), nor "reduce the term to be imposed for [another

2

offense] so as to compensate for, or otherwise take into account, any separate term of imprisonment imposed or to be imposed for a violation of this section," *id.* § 1028A(b)(3).

We conclude that the district court did not plainly err. Harrison cites no authority in support of her argument that the two-year sentence is not mandatory when a defendant does not plead guilty to another offense. *See United States v. Harris*, 890 F.3d 480, 491 (4th Cir. 2018) ("At a minimum, courts of appeals cannot correct an error pursuant to plain error review unless the error is clear under current law." (brackets and internal quotation marks omitted)). Indeed, she concedes that several courts have determined that a defendant can plead guilty to § 1028A without pleading guilty to a predicate offense. *See, e.g.*, *United States v. López-Díaz*, 794 F.3d 106, 115 (1st Cir. 2015) ("The predicate felony violation in section 1028A is simply an element of the crime of aggravated identity theft. The statute requires proof beyond a reasonable doubt of a felony violation, not a felony conviction."); *United States v. Jenkins-Watts*, 574 F.3d 950, 970 (8th Cir. 2009) ("[T]he government's decision to charge Jenkins with four counts of aggravated identity theft, and not an additional four counts of [the predicate felony of] access device fraud, did not render the indictment fatally insufficient so as to fail to charge the offense of conviction or deprive the court of jurisdiction."). And we have rejected a similar challenge to 18 U.S.C. § 2260A. *See United States v. Beck*, 957 F.3d 440, 449 (4th Cir. 2020). Thus, Harrison cannot establish plain error.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no other meritorious grounds for appeal. Therefore, we affirm the district court's judgment. This court requires that counsel inform Harrison, in writing, of the right to

3

petition the Supreme Court of the United States for further review. If Harrison requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Harrison. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*