**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4267**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DANTE MARQUEZ BROOKS,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:19-cr-00582-WO-1)

Submitted:  August 24, 2021                    Decided:  August 26, 2021

Before NIEMEYER and HARRIS, Circuit Judges, and SHEDD, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, Ira Knight, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Matthew G. T. Martin, United States Attorney, Michael F. Joseph, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dante Marquez Brooks appeals his sentence after pleading guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(e). At the sentencing hearing, Brooks objected to his designation as an armed career criminal on the ground that his prior North Carolina breaking and/or entering convictions were not qualifying felonies under the Armed Career Criminal Act ("ACCA"). The district court overruled Brooks' objection and sentenced him to 180 months' imprisonment. On appeal, Brooks argues that his North Carolina's breaking and/or entering convictions are not proper ACCA predicates. The Government has moved to dismiss the appeal based on the appeal waiver in Brooks' plea agreement. We dismiss the appeal.

Brooks contends that North Carolina's breaking and/or entering offense is broader than generic burglary because the offense can be accomplished without entering a structure. To support his argument, he relies on *State v. Lucas*, 758 S.E.2d 247 (N.C. App. 2014). Although acknowledging our decision in *United States v. Mungro*, 754 F.3d 267, 272 (4th Cir. 2014) (holding that North Carolina breaking and/or entering is a predicate offense under the ACCA), Brooks argues that *Lucas* undercuts *Mungro*'s holding because the *Mungro* court focused only on the entry element of North Carolina's breaking and/or entering.

Turning to Brooks' appeal waiver, Brooks contends that this appeal falls outside of the scope of his appeal waiver because his sentence exceeds the statutory maximum. Where, as here, the Government seeks to enforce the appeal waiver and Brooks has not alleged a breach of the plea agreement, we will enforce the waiver if it is valid, and the

2

issue being appealed falls within the waiver's scope. *See United States v. Beck*, 957 F.3d 440, 445 (4th Cir. 2020). A "valid" appeal waiver is one entered by the defendant knowingly and intelligently, a determination that we make by considering the totality of the circumstances. *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012).

Brooks does not contest that he knowingly and intelligently waived his right to appeal. Moreover, our de novo review of the plea hearing leads us to conclude that the waiver is valid and enforceable. *See United States v. Cohen*, 888 F.3d 667, 678 (4th Cir. 2018) (stating standard of review). Because the court imposed a sentence well below the statutory maximum of life imprisonment, Brooks' challenge falls within the scope of his appeal waiver. *See United States v. Dodge,* 963 F.3d 379, 382-83 (4th Cir. 2020) (reaffirming *Mungro*'s holding that defendant's North Carolina convictions for breaking and/or entering constituted predicate violent felonies under ACCA).

Accordingly, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*