**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 23-4453**

───────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

JAMES HENRY ROBERTS, a/k/a Bub,

        Defendant - Appellant.

───────────────

Appeal from the United States District Court for the District of Maryland, at Baltimore. Julie R. Rubin, District Judge.  (1:19-cr-00137-JRR-22)

───────────────

Submitted:  October 30, 2024                Decided:  November 20, 2024

───────────────

Before WILKINSON, KING, and HARRIS, Circuit Judges.

───────────────

Dismissed in part, affirmed in part by unpublished per curiam opinion.

───────────────

**ON BRIEF:**  Robin M. Earnest, EARNEST ATTORNEY AT LAW, LLC, Greenbelt, Maryland, for Appellant.  Erek L. Barron, United States Attorney, John Walter Sippel, Jr., Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Henry Roberts pled guilty, pursuant to a written plea agreement, to conspiracy to participate in a racketeering enterprise, in violation of 18 U.S.C. § 1962(d). The district court sentenced him to 360 months' imprisonment in accordance with the agreed-upon sentence in the plea agreement. *See* Fed. R. Crim. P. 11(c)(1)(C). Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal and that Roberts's appeal waiver is valid, but this court should consider whether Amendment 821 to the Sentencing Guidelines should be applied to Roberts's sentence. Although informed of his right to do so, Roberts has not filed a pro se supplemental brief. The Government moves to dismiss Roberts's appeal pursuant to the appellate waiver in his plea agreement. We dismiss in part and affirm in part.

We review an appellate waiver de novo and "'[w]hen the government seeks to enforce an appeal waiver and has not breached the plea agreement, we will enforce the waiver if it is valid and if the issue being appealed falls within' the scope of the waiver." *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021) (quoting *United States v. Beck*, 957 F.3d 440, 445 (4th Cir. 2020)). "A 'valid' appeal waiver is one entered by the defendant knowingly and intelligently, a determination that [this Court] make[s] by considering the totality of the circumstances." *Id.* (quoting *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012)). "When a district court questions a defendant during a Rule 11 hearing regarding an appeal waiver and the record shows that the defendant understood the import of his concessions, we generally will hold that the waiver is valid."

2

*Id.* "An important factor in such an evaluation is whether the district court sufficiently explained the waiver to the defendant during the Federal Rule of Criminal Procedure 11 plea colloquy." *United States v. Manigan*, 592 F.3d 621, 627 (4th Cir. 2010). We have "consistently held that appellate waivers in valid plea agreements are enforceable." *United States v. Soloff*, 993 F.3d 240, 243 (4th Cir. 2021).

Our review of the record, including the plea agreement and the transcript of the Rule 11 hearing, confirms that Roberts knowingly and intelligently waived his right to appeal his conviction and sentence, with limited exceptions not applicable here. We therefore conclude that the waiver is valid and enforceable.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no potentially meritorious grounds for appeal outside the scope of Roberts's valid appellate waiver. We therefore grant the Government's motion to dismiss in part and dismiss the appeal as to all issues covered by the waiver. We deny the motion in part and otherwise affirm. This court requires that counsel inform Roberts, in writing, of the right to petition the Supreme Court of the United States for further review. If Roberts requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Roberts. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART, AFFIRMED IN PART*